# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QIANG WENG, on his own behalf and on behalf of others similarly situated,<br><br>               Plaintiff,<br><br>        v.<br><br>HUNGRYPANDA US INC<br>d/b/a HungryPanda; JIAWEI SUN,<br>and KELU LIU,<br><br>               Defendants. | Case No. 19-cv-11882<br><br><br>***Electronically Filed*** |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Jeffrey G. Douglas
Timothy M. Barbetta
**FordHarrison LLP**
366 Madison Avenue, 7th Floor
New York, New York 10017
Tel: 212-453-5900
jdouglas@fordharrison.com
tbarbetta@fordharrison.com

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL BACKGROUND.............................................................................. 1

PLAINTIFF'S PROPOSED AMENDMENTS ........................................................... 3

I.    New Plaintiff........................................................................................................ 3

II.   New Defendant .................................................................................................... 4

III.  New Factual Allegations...................................................................................... 5

ARGUMENT ............................................................................................................... 6

I.    Legal Standards.................................................................................................... 6

II.   Plaintiff Failed to Establish Good Cause for His Unduly Delayed In Filing His Motion .. 8

III.  Plaintiff's Attempt to Add a New Defendant is Futile ..................................... 11

CONCLUSION........................................................................................................... 12

## TABLE OF AUTHORITIES

**Federal Cases**                                                                        **Page(s)**

*Beckett v. Incorporated Village of Freeport*,
 2014 U.S. Dist. LEXIS 45605 (E.D.N.Y. March 31, 2014) .................................................... 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ....................................................................................................... 7, 8

*Block v. First Blood Assocs.*,
 988 F.2d 344 (2d Cir. 1993) ................................................................................................ 10

*Grochowski v. Phoenix Constr.*,
 318 F.3d 80 (2d Cir. 2003) ................................................................................................... 6

*Kassner v. 2nd Ave. Delicatessen, Inc.*,
 496 F.3d 229 ........................................................................................................................ 7

*Lucente v. Int'l Bus. Machines Corp.*,
 310 F.3d 243 (2d Cir. 2002) ................................................................................................. 7

*NAS Elecs., Inc. v. Trantech Elecs. PTE Ltd.*,
 262 F.Supp.2d 134 (S.D.N.Y. 2003) ..................................................................................... 7

*Parker v. Columbia Pictures Industries*,
 204 F.3d 326 (2d Cir. 2000) ....................................................................................... 6, 7, 11

*Riverhead Park Corp. v. Cardinale*,
 881 F. Supp. 2d 376 (E.D.N.Y. 2012) ................................................................................... 7

*Ruotolo v. City of N.Y.*,
 514 F.3d 184 (2d Cir. 2008) ............................................................................................... 10

*Samad Bros. v. Bokara Rug Co.*,
 2010 U.S. Dist. LEXIS 115648 (S.D.N.Y. Oct. 18, 2010) ..................................................... 9

*Sokol Holdings, Inc. v. BMB Munai, Inc.*,
 2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. August 14, 2009) ................................................... 7

*Sokol Holdsings, Inc., v. BMB Munai, Inc.*,
 2009 U.S. Dist. LEXIS 100478 (S.D.N.Y. October 27, 2009) ................................................ 7

*Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*,
    2010 U.S. Dist. LEXIS 125394 (S.D.N.Y. Nov. 24, 2010) ...................................................... 9

*In re Wireless Tel. Servs. Antitrust Litig.*,
    2004 U.S. Dist. LEXIS 19977 (S.D.N.Y. Oct. 6, 2004) ........................................................... 9

**Rules**

Fed. R. Civ. P. 11 ........................................................................................................................ 5
Fed. R. Civ. P. 12 ........................................................................................................... 2, 3, 4, 7
Fed. R. Civ. P. 15 .............................................................................................................. 6, 7, 8
Fed. R. Civ. P. 16 ......................................................................................................... 6, 7, 8, 11

## PRELIMINARY STATEMENT

Defendants HungryPanda US, Inc., Jiawei Sun and Kelu Liu (collectively, "HungryPanda" or "Defendants") submit this memorandum of law in opposition to Plaintiff Qiang Weng's ("Plaintiff") motion for leave to file a first amended complaint ("proposed FAC"). Plaintiff fails to satisfy his burden to demonstrate that the Court should allow him to amend his Complaint. Furthermore, Plaintiff continues to demonstrate a lax approach to satisfying the basic pleading standards required under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). As addressed below, despite having knowledge of the existence of an Independent Contractor Agreement on February 10, 2020, Plaintiff waited more than seven (7) months after the May 21, 2020 deadline set in the Scheduling Order to seek leave to file the proposed FAC and only did so after Defendants identified significant pleading deficiencies in requesting leave to move for a judgment on the pleadings. Furthermore, even in his proposed FAC, Plaintiff proposes amendments that have no basis in fact or law. Significantly and despite the Court's explicit warning during the pre-motion conference held on December 23, 2020, Plaintiff fails to articulate a single basis for his undue delay or how HungryPanda would not be prejudiced by the proposed FAC. As demonstrated below, Plaintiff's belated request should be denied in its entirety.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on December 29, 2019 alleging various violations of the FLSA and NYLL. In his initial Complaint, Plaintiff asserts in a barebones, conclusory manner that "Plaintiff QIANG WENG is employed by Defendants . . ." *See* Complaint ¶¶ 9, 27 (ECF No. 1). On February 5, 2020, Defendants timely filed an answer and asserted affirmative defenses that included that Plaintiff was not an employee within the meaning of the FLSA or NYLL as evidenced by the fact that Plaintiff executed an Independent Contractor Agreement, which Plaintiff

noticeably omitted from his Complaint. *See* Answer ¶¶ 118, 119 (ECF No. 10). Furthermore, on February 10, 2020, Defendants provided Plaintiff with a copy of the Independent Contractor Agreement as part of their initials disclosures. *See* Declaration of Jeffrey Douglas (hereinafter, "Douglas Dec."), dated February 26, 2021, Exhibit "A," Defendants' Initial Disclosures. On April 21, 2020 over two (2) months after Plaintiff knew about the Independent Contractor Agreement, the Parties entered into a Scheduling Order providing: "[a]ny motion to amend or join additional parties shall be filed within 30 days from the date of this Order." *See* ECF No. 16. On May, 6, 2020, Plaintiff served his initial disclosures and acknowledged that he possessed an "onboarding agreement," which presumably is the Independent Contractor Agreement. *See* Douglas Dec, Exhibit "B," Plaintiff's Initial Disclosures. Therefore, Plaintiff was obligated to seek leave to file an amended complaint by May 21, 2020. As provided in detail below, Plaintiff failed to do so despite knowing about the Independent Contractor Agreement for over three (3) months prior to the deadline to seek leave to file an amended complaint.

After the deadline to amend passed, Plaintiff subsequently moved for conditional certification of a collective action on June 19, 2020. *See* ECF Nos. 22-24. Defendants opposed the motion on July 9, 2020, again setting forth arguments that Plaintiff was not an employee within the meaning of the FLSA or NYLL. *See* ECF Nos. 26-27. Plaintiff filed reply papers including Affidavits of Plaintiff, Hui Ping Yan, Lingie Lu, Ri Xin Jiang, Xiao Hui Hu, and Bo Zhang on July 31, 2020. *See* ECF Nos. 31-37. The affidavit filed by Hui Ping Yan contained some of the factual allegations that Plaintiff proposes adding to the Complaint now—nearly six (6) months after Plaintiff was aware of such claims.

On December 16, 2020, Defendants filed a pre-motion letter seeking leave to move for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the basis that Plaintiff had failed to

adequately plead the existence of an employer-employee relationship between Plaintiff and Defendants. In response to Defendants' pre-motion letter, filed on December 16, 2020, Plaintiff first raised amending his Complaint. *See* ECF No. 46.

During the December 23, 2020 pre-motion conference, the Court denied Plaintiff's motion for conditional certification without prejudice. The Court allowed Plaintiff to move for leave to amend the Complaint prior to Defendants moving for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). During the pre-motion conference, the Court put Plaintiff on notice when Plaintiff's counsel expressed a belief that a motion for leave to amend could be drafted "fairly cheaply, given the existing record." *See* Douglas Dec., Exhibit "C," Pre-Motion Conference Transcript, dated December 23, 2020, at page 13. The Court stated, "[u]nderstand that this may be that exception because you'll have to explain to me why we waited so long and you'll have to explain to me, in particular, why there is good cause and why there is no prejudice. So it might not be as cheap as you think." *See id.* Despite the Court's explicit warning regarding his burden, Plaintiff has failed to explain his delay, why there is good cause and why there is no prejudice. Furthermore, Plaintiff continues to attempt to add parties and claims that have absolutely zero basis in fact or law thus demonstrating why his motion must be denied.

## PLAINTIFF'S PROPOSED AMENDMENTS

### I.   New Plaintiff

In the proposed FAC, Plaintiff seeks to add Hui Ping Yan ("Yan") as a new named-Plaintiff to this action. Plaintiff contends that Yan worked for HungryPanda "as a regular deliveryman and special delivery man . . . from on or about June 1, 2019 through on or about July 31, 2019, and from on or about August 9, 2019 through on or about March 18, 2020." *See* Proposed FAC, ¶ 9. Plaintiff sets forth numerous factual allegations related to Yan and similarly brings causes of action under the FLSA and NYLL.

3

Yan filed a consent to join form with the Court on June 19, 2020. *See* ECF No. 23-5. Yan submitted an affidavit as part of Plaintiff's reply papers in further support of his motion for conditional certification of a collective action. *See* ECF Nos. 23-5. Plaintiff has waited approximately six (6) months to propose adding Yan as a named-Plaintiff. However, Plaintiff fails to provide a single explanation for the reason that he waited approximately six (6) months to add Yan as a named-Plaintiff. Furthermore, Plaintiff has failed to provide any reason to establish good cause as to why Yan should be added as a named-Plaintiff.

## II.   New Defendant

Plaintiff seeks to add Molly Tang ("Tang") as a named defendant in the proposed FAC. In his memorandum of law, Plaintiff fails to provide any basis for adding Tang and therefore his request should be denied. Furthermore, in the proposed FAC, Plaintiff claims that "Tang has the authority to represent and bind [HungryPanda] as shown by, for instance, her signing on behalf of [HungryPanda] on the stipulation for substitution in this matter." *See* Proposed FAC, ¶ 17. Plaintiff further alleges that Tang "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at [HungryPanda], and delegated these powers to subordinates within [HungryPanda], including managers 'Fatty,' 'Ethan,' and 'Aaron' with whom the Plaintiffs are familiar." *See id.* Notably, the proposed FAC is devoid of any other allegations or references to Tang. Plaintiff's allegations are meritless and without factual support.

Plaintiff's allegations fail as a matter of fact and law. First, Molly Tang is currently the Legal Counsel of HungryPanda. *See* Douglas Dec, Exhibit "D," Declaration of Molly Tang, dated February 26, 2021, ¶ 2. She commenced her employment in this capacity on October 12, 2020 as Associate Legal Counsel approximately one (1) year after Plaintiff's relationship with HungryPanda ended. *See id.*, at ¶ 3. Tang was promoted on January 13, 2021 to General Counsel.

*See id.*, at ¶ 4. Plaintiff lacks any personal knowledge to assert such facts in the proposed FAC.[1] *See id.*, at ¶ 6. Ms. Tang in her capacity as Associate Legal Counsel executed a stipulation to effectuate a substitution of counsel. *See id.*, at ¶ 7. However, she lacks the authority to hire or fire employees and Plaintiff lacks any basis to be able to assert such an allegation. *See id.*, at ¶ 8-10. Once again, Plaintiff merely asserts conclusory allegations without providing any supporting facts to justify such allegations.

### III.   New Factual Allegations

In addition to seeking to add a new plaintiff and defendant, Plaintiff further seeks to add a plethora of new factual allegations to the proposed FAC. Specifically, Plaintiff Weng adds approximately twenty-seven (27) new factual paragraphs regarding his employment with HungryPanda. *See* Proposed FAC, ¶¶ 29-56. The allegations range from claims about Plaintiff's interview with HungryPanda, to contentions about his job duties, responsibilities, alleged supervisors, compensation and hours. Importantly, all of these facts were available to Plaintiff before he filed his initial Complaint on December 29, 2019 and certainly prior to the deadline to move to amend the complaint on May 21, 2020.

It is worth highlighting that Plaintiff continues to plead facts that contradict his previous submissions. For example, Plaintiff submitted an affidavit with his motion for conditional certification that explicitly contracts the facts compared to those in the initial Complaint and the proposed FAC regarding the length of Plaintiff's employment. In the initial Complaint, which was filed on December 29, 2019, Plaintiff stated that he was employed with HungryPanda "[f]rom May 9, 2019 to the present day." *See* Complaint, ¶ 9 (ECF No. 1). In his affidavit, Plaintiff alleged that

---

[1] In the event that the Court grants Plaintiff's motion for leave to amend the complaint, Defendants reserve the right to seek any and all relief including but not limited to relief under Fed. R. Civ. P. 11 for the assertions raised in connection with Molly Tang.

he worked for HungryPanda "between May 25, 2019 and September 23, 2019." *See* ECF No. 30, ¶ 24. Now in the proposed FAC, Plaintiff contends he worked for HungryPanda from "May 9, 2019 through on or about September 23, 2019." *See* Proposed FAC, ¶ 8. Despite being on notice of this contradiction, Plaintiff failed to resolve the discrepancy in the proposed FAC.

## ARGUMENT

### PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED IN ITS ENTIRETY

### I.    Legal Standards

Pursuant to Federal Rule of Civil Procedure 16(b)(3), the Court "must issue a scheduling order" which "must limit the time to join other parties [and] amend the pleadings." Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders may be modified "only for good cause." Thus, when a plaintiff seeks leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15(a) after the deadline to amend the pleadings has expired, as here, the plaintiff must first demonstrate "good cause." *Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir. 2000) (finding that the "good cause" standard, rather than the more liberal standard of Federal Rule of Civil Procedure 15(a) governs a motion to amend filed after the deadline to amend the pleadings has expired); *Beckett v. Incorporated Village of Freeport*, 2014 U.S. Dist. LEXIS 45605, *13 (E.D.N.Y. March 31, 2014); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). "If [Courts] considered only Rule 15(a) without regard to Rule 16(b), [Courts] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Parker*, 204 F.3d at 340 (citation omitted).

"Good cause" exists if the Court determines that the plaintiff could not meet the deadline, despite the plaintiff's diligence. *Beckett*, 2014 U.S. Dist. LEXIS at *13; *Parker*, 204 F.3d at 339-40. "Good cause" depends upon "the diligence of the moving party, and, to satisfy the standard,

the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *Parker*, 204 F.3d at 339-40; *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. August 14, 2009). As the Court stated in *Sokol*, "[t]he party must show that, despite its having exercised diligence, the applicable deadline could not reasonably have been met." *Sokol Holdsings, Inc., v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 100478, *24 (S.D.N.Y. October 27, 2009). Diligence is the "primary consideration." *Becket*, 2014 U.S. Dist. LEXIS at *15; *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007. It is only after the plaintiff has established "good cause" to modify the scheduling order under Rule 16(b)(4) that the Court may consider if plaintiff satisfied the requirements of Rule 15(a). *Beckett*, 2014 U.S. Dist. LEXIS at *15; *Sokol*, 2009 U.S. Dist. LEXIS 100478 at *16 ("The standards of Rule 16(b) must be met first, and cannot 'be short circuited by an appeal to those of Rule 15'"); *see also NAS Elecs., Inc. v. Trantech Elecs. PTE Ltd.*, 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003) ("Before leave is granted [pursuant to Rule 15(a)], a motion to amend the pleadings must satisfy the terms of [the] Court's scheduling order").

Finally, a motion for leave to file an amended complaint should be denied when the pleading is futile. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.* In other words, the Court should deny a motion to amend where the amended complaint does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Riverhead Park Corp. v. Cardinale*, 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**II.      Plaintiff Failed to Establish Good Cause for His Unduly Delayed In Filing His Motion**

As set forth above, the Parties entered into a Scheduling Order on April 21, 2020 providing: "[a]ny motion to amend or join additional parties shall be filed within 30 days from the date of this Order." *See* Scheduling Order (ECF No. 16). Thus, Plaintiff's deadline to seek leave to file an amended complaint was May 21, 2020. No other scheduling orders were entered, and therefore, May 21, 2020 remained the deadline by which Plaintiff was required to amend the pleadings. Clearly, the deadline to make a motion had long expired when Plaintiff initially sought leave to file the FAC at the pre-motion conference on December 23, 2020. Furthermore, Plaintiff failed to meet other deadlines in the Scheduling Order, including taking party depositions by October 30, 2020. *See id.*

Despite this Court providing Plaintiff with clear notice on December 23, 2020 that he must overcome a high standard to establish good cause for his delay in seeking leave to amend the pleadings, Plaintiff made no attempt to satisfy the requisite showing in his motion. Specifically, this Court advised Plaintiff that he will "have to explain to [the Court] why [Plaintiff] waited so long and [Plaintiff will] have to explain to [the Court], in particular, why there is good cause and why there is no prejudice." *See* Douglas Dec., Exhibit C, page 13. Ignoring the legal standard and this Court's unambiguous directive, Plaintiff continues to argue that motions to amend the pleadings to add additional facts and parties should be "freely given." *See* Brief in Support of Plaintiff's Motion for Leave to File an Amended Complaint, page 2 (ECF No. 53). As set forth above, Plaintiff's reliance on the liberal standard of Federal Rule of Civil Procedure 15(a) is entirely misplaced.

First, Plaintiff's counsel has not moved to amend the Scheduling Order pursuant to Rule 16, and therefore Plaintiff's motion to amend the Complaint pursuant to Rule 15 should be

summarily denied. Second, Plaintiff has not even tried to demonstrate "good cause" as to why the deadline previously established in the Scheduling Order should be extended or how he could not meet the agreed upon deadline with diligence. In fact, Plaintiff does not provide a single justification or basis for his delay that this Court could use to consider whether he satisfied the heightened standard.

There is no "good cause" to justify Plaintiff's undue delay. A desire to amend a complaint for "tactical reasons," such as attempting to avoid likely dismissal, "does not constitute good cause for a substantial and untimely amendment." *In re Wireless Tel. Servs. Antitrust Litig.*, 2004 U.S. Dist. LEXIS 19977, *19, 2004-2 (S.D.N.Y. Oct. 6, 2004). Moreover, "[s]imply stating that additional information has become known to the plaintiff [after the filing deadline established by the Court] does not satisfy the plaintiff's burden of showing diligence." *Samad Bros. v. Bokara Rug Co.*, 2010 U.S. Dist. LEXIS 115648, *12 (S.D.N.Y. Oct. 18, 2010).

Plaintiff must show that despite him having exercised diligence, he could not have reasonably met the deadline, but Plaintiff undoubtedly failed to do so here. While Plaintiff's motion references a number of new allegations as set forth in the FAC, Plaintiff nowhere demonstrates that "information to which it had access prior to [May 21, 2020] was insufficient for it to amend in a timely fashion." *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, 2010 U.S. Dist. LEXIS 125394, *12 (S.D.N.Y. Nov. 24, 2010). To the contrary, all of the new factual allegations that Plaintiff proposed in the FAC regarding his employment with HungryPanda occurred *prior* to his filing of the initial Complaint. As addressed above, even if Plaintiff's counsel was unaware of the existence of the Independent Contractor Agreement when he commenced his action, he was certainly made aware of it no later than February 10, 2020 when Defendants provided a copy as part of their initial disclosures. Moreover, Plaintiff appears to acknowledge

possession of the Agreement in his initial disclosures dated May 6, 2020. Thus, there can be no doubt that Plaintiff was on notice of the information and Complaint's deficiencies well in advance of the May 21, 2020 deadline, and there is no basis for his failure to plead them in the initial Complaint or to comply with the Scheduling Order's deadline.

Moreover, Opt-in Plaintiff Yan contends he was an employee from approximately June 2019 to March 2020. *See* Proposed FAC, ¶ 9. There can be no doubt that Plaintiff, with reasonable diligence, could have secured that information in order to seek leave to add Yan as a Plaintiff prior to the May 21, 2020 deadline. Plaintiff simply cannot prove that he would not have met the Scheduling Order's deadline with reasonable diligence. Nevertheless, Plaintiff certainly became aware of this information by June 19, 2020 when Yan filed a consent to join form.

Finally, without any support, Plaintiff claims that "there is no undue prejudice to Defendants by the proposed amendment." *See* Brief in Support of Plaintiff's Motion for Leave to File an Amended Complaint, page 5 (ECF No. 53). In assessing whether there is undue prejudice to a defendant, the Court will "consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). That is the case here as Plaintiff attempts to add: (1) a new plaintiff, (2) a new defendant, and (3) new factual allegations approximately thirteen (13) months after he filed his initial Complaint, and seven (7) months after his deadline to file an amended pleading has passed. HungryPanda would be unduly prejudiced if Plaintiff were afforded the opportunity to file the proposed FAC, despite Plaintiff blatantly failing to litigate his case.

Pursuant to Rule 16(b), "'at some point both the parties and the pleadings will be fixed'" "offer[ing] a measure of certainty in pretrial proceedings." *Parker*, 204 F.3d at 340 (citing Fed. R. Civ. P. 16 Advisory Committee Note (1983 amendment)). For Plaintiff, that point came on May 21, 2020. Plaintiff chose to wait until December 23, 2020, more than seven (7) months after the initial deadline to file a motion to amend the pleadings and has failed to satisfy the "good cause" standard. Accordingly, Plaintiff's motion for leave to file the proposed FAC should be denied.

### III.    Plaintiff's Attempt to Add a New Defendant is Futile

Even if Plaintiff could establish good cause under Federal Rule of Civil Procedure 16, which he cannot, Plaintiff's late attempt to add Tang as a named defendant would still fail as futile because the single paragraph allegation against Tang is not plausible on its face. Plaintiff seeks to bring Tang into this action as a named defendant based on allegations pled in one (1) conclusory paragraph of the FAC. Plaintiff provides no other justification in his memorandum of law. In the proposed FAC, Plaintiff contends that "Tang has the authority to represent and bind [HungryPanda] as shown by, for instance, her signing on behalf of [HungryPanda] on the stipulation for substitution in this matter." *See* Proposed FAC, ¶ 17. In other words, Plaintiff's basis for adding Tang as a named defendant in this action is simply due to the fact that she signed a substitution of counsel stipulation that is wholly unrelated to the underlying facts of this action. Plaintiff further pleads the unsubstantiated allegation that Tang "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at [HungryPanda], and delegated these powers to subordinates within [HungryPanda], including managers 'Fatty,' 'Ethan,' and 'Aaron' with whom the Plaintiffs are familiar." *See id.* Plaintiff alleges no facts to support this allegation and there are no other factual allegations against or related

11

to Tang in the proposed FAC. Plaintiff's attempt to name Tang in this action is not plausible on its face and must be dismissed as futile.

## CONCLUSION

Motions to amend are *not* freely granted when the plaintiff has failed to demonstrate good cause and when the pleading is futile. For the foregoing reasons, Plaintiff's motion for leave to file a proposed FAC should be denied in its entirety.

Respectfully submitted,

Dated: February 26, 2021                    **FORD HARRISON LLP**

*/s/Jeffrey G. Douglas*
Jeffrey G. Douglas
Timothy M. Barbetta
366 Madison Avenue, 7th Floor
New York, New York 10017
Tel: 212-453-5900
jdouglas@fordharrison.com
tbarbetta@fordharrison.com

12