UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QIANG WENG, *on his own behalf and on behalf of other similarly situated*,

                Plaintiff,

                -v.-

HUNGRYPANDA US, INC., *d/b/a HungryPanda*, JIAWEI SUN, and KELU LIU,

                Defendants.

19 Civ. 11882 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Qiang Weng ("Plaintiff" or "Weng") brings this collective action on behalf of himself and others similarly situated against HungryPanda US, Inc. ("HungryPanda"), Jiawen Sun, and Kelu Liu (collectively, "Defendants"), alleging numerous violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law, Consol. Laws 1909, ch. 31 (the "NYLL").  Now before the Court is Plaintiff's motion for leave to amend his Complaint to: (i) add allegations on his own behalf; (ii) add a named plaintiff, Hui Ping Yan ("Yan"); and (iii) add another defendant, Molly Tang ("Tang").  Defendants oppose the motion.  For the reasons set forth below, the Court denies Plaintiff's motion.

**BACKGROUND**[1]

      Defendant HungryPanda is a corporation organized under the laws of the State of Delaware with a principal place of business in New York, and engages

---

[1]     The facts recounted herein are drawn primarily from Plaintiff's Complaint filed on December 29, 2019 ("Compl." (Dkt. #1)), which is the operative pleading in this matter,

in interstate commerce resulting in gross sales in excess of $500,000 per year. (Compl. ¶¶ 10-11). Defendant Jiawei Sun is the Manager of HungryPanda (*id.* at ¶ 13), and Defendant Kelu Liu is the President of HungryPanda (*id.* at ¶ 15).

Plaintiff was a delivery man for HungryPanda for several months in 2019. (Compl. ¶ 9). When Plaintiff began working for HungryPanda, he signed an "Independent Contractor Agreement," which unambiguously stated that Plaintiff was classified as an independent contractor and not as an employee of HungryPanda. (*See* Douglas Decl., Ex. A).

Plaintiff filed his complaint in this case on December 29, 2019, seeking to represent himself and others similarly situated. (Dkt. #1). Defendants filed their answer on February 5, 2020. (Dkt. #10). The Court referred the matter to the Court-annexed mediation program on February 10, 2020 (Dkt. #11), but subsequently granted Plaintiff's request to adjourn mediation until after the close of discovery (Dkt. #20). The Court issued a Civil Case Management Plan and Scheduling Order on April 21, 2020 (the "Scheduling Order"), in which the Court ordered that any motion to amend or to join additional parties must be filed on or before May 21, 2020. (*See* Dkt. #18).

---

as well as declarations submitted by the parties in support of their respective positions on the motion to amend.

For ease of reference, the Court refers to Plaintiff's Memorandum of Law in Support of his Motion for Leave to File an Amended Complaint as "Pl. Br." (Dkt. #53) and the Declaration of John Troy attached thereto as the "Troy Decl." (Dkt. #52); refers to Defendants' Memorandum of Law in Opposition as "Def. Opp." (Dkt. #54) and the Declaration of Jeffrey Douglas attached thereto as the "Douglas Decl." (Dkt. #55); and refers to Plaintiff's Reply Memorandum of Law as "Pl. Reply" (Dkt. #56).

On June 19, 2020, Plaintiff filed a motion for conditional certification of a collective under the FLSA, 29 U.S.C. § 216(b) (Dkt. #22-24), to which motion Defendants filed their response in opposition on July 9, 2020 (Dkt. #26-27). Plaintiff filed his reply on July 31, 2020, and included affidavits from six individuals — Plaintiff plus five others — attesting to their working conditions while working for HungryPanda.  (Dkt. #30-37).  Hui Ping Yan, whom Plaintiff proposes to add as a named plaintiff in the amended complaint, was one of these affiants.  (Dkt. #31).

On December 16, 2020, Defendants filed a letter motion requesting a conference to discuss their anticipated motion for judgment on the pleadings. (Dkt. #45).  In a responsive letter filed the same day, Plaintiff stated his opposition to Defendants' anticipated motion and requested leave to amend his complaint prior to full briefing on Defendants' anticipated motion.  (Dkt. #46). The Court held a conference on December 23, 2020, during which conference the Court granted Plaintiff's request to move for leave amend his Complaint, denied without prejudice the motion for conditional collective certification, and stayed discovery pending resolution of the motion to amend.  (*See* Minute Entry for December 23, 2020).

Thereafter, Plaintiff filed his motion to amend and supporting papers on January 25, 2021 (Dkt. #51-53); Defendants responded in opposition on February 26, 2021 (Dkt. #54-55); and Plaintiff replied on March 12, 2021 (Dkt. #56).  The motion is now ripe for resolution.

3

## DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 15(a) states that a party may amend its pleadings once as a matter of course (i) within 21 days after serving it or (ii) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Thereafter, amendments to the pleadings may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendants do not consent to the amendment, Plaintiff must obtain the Court's leave, which Rule 15 provides should be "freely give[n] … when justice so requires." *Id.*; *see also, e.g.*, *McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). That said, this Court "'has the discretion to deny leave if there [is] a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015) (quoting *Jin* v. *Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)), *as amended* (Dec. 17, 2015). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente* v. *Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

However, when there is a Scheduling Order in effect — as there is in this case (Dkt. #18) — deadlines for joinder of additional parties and amendment of pleadings "may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). When a plaintiff seeks leave to amend pleadings after the period set forth in the Scheduling Order has expired, the plaintiff must meet the "good cause" standard of Rule 16(b)(4) rather than the more lenient standard of Rule 15(a). *See Grochowski* v. *Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Geo-Grp. Commc'ns, Inc.* v. *Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *15-17 (S.D.N.Y. Sept. 25, 2020), *reconsideration denied*, 2020 WL 6729181 (S.D.N.Y. Nov. 16, 2020) (denying motion to amend complaint due to lack of "good cause" for leave to amend pursuant to Rule 16).

"Whether good cause exists turns on the 'diligence of the moving party.'" *Holmes* v. *Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Grochowski*, 318 F.3d at 86). "Good cause is demonstrated by a showing that despite its having exercised diligence, the applicable deadline could not have been reasonably met by the [moving party]." *Soroof Trading Dev. Co., Ltd.* v. *GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citation and quotation marks omitted). "Thus, if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied." *Id.*; *see also Parker*, 204 F.3d at 341 (affirming the district court's denial of leave to amend where the plaintiff "had all the information necessary" to support the claim at the time the action was commenced, and where "nothing he learned in discovery or otherwise altered that fact"). The Court "also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation

5

will prejudice [non-movants]." *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  In certain circumstances, a court "may deny leave to amend for lack of diligence even if amendment would not prejudice the non-movant."  *Suarez* v. *Cal. Nat. Living, Inc.*, No. 17 Civ. 9847 (VB), 2019 WL 5188952, at *2 (S.D.N.Y. Oct. 15, 2019) (citing *Gullo* v. *City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order)).

**B.     The Court Denies Plaintiff's Motion to Amend**

Plaintiff seeks the Court's leave to amend his complaint to: (i) add new factual allegations regarding his working conditions; (ii) add Yan as a named plaintiff; and (iii) add Tang as a defendant.  For the reasons set forth in the remainder of this section, the Court denies Plaintiff's motion.

**1.     Allegations Regarding Plaintiff's Working Conditions**

Plaintiff has not made the requisite showing of good cause to justify the addition of new factual allegations on his own behalf.  The Court has reviewed Plaintiff's proposed amended complaint (*see* Troy Decl., Ex. 1-2), and finds that each purportedly "new" allegation "relies on information that [Plaintiff] knew or should have known prior to the deadline," *Soroof*, 283 F.R.D. at 147.  The allegations include additional details regarding, *inter alia*, information about the terms of Plaintiff's employment that was provided to him when he signed up to work for HungryPanda and throughout his employment; the nature and circumstances of Plaintiff's work; the supervision and control to which he was subject; and the pay he received.  (*See* Troy Decl., Ex. 1, ¶¶ 29-56).  Plaintiff seeks to add these details following Defendants' previewing of their anticipated

motion for judgment on the pleadings, which motion would focus on the fact that Plaintiff signed an Independent Contractor Agreement that potentially exempts him from protections under the FLSA and NYLL.  (*See* Dkt. #45).

While it is understandable that Plaintiff desires to reinforce his pleadings in light of Defendants' anticipated motion, all of the details Plaintiff proposes to add were known to him at the time of the filing of the Complaint.  None of this information was within the exclusive knowledge of Defendants or otherwise only became available during discovery.  For example, Defendants provided Plaintiff with a copy of the Independent Contractor Agreement as part of their initial disclosures on February 10, 2020 (*see* Douglas Decl., Ex. A), and thereby put Plaintiff on notice that his status as a contractor versus an employee would be a critical issue in the litigation.  Nevertheless, Plaintiff failed to take any action to address potential shortcomings in his pleadings until December 2020, ten months after the initial disclosures and seven months after the amendment deadline in the Scheduling Order.

Plaintiff's justification for this tardiness is that the "allegations asserted in the original Complaint are highly relying upon Plaintiff's personal knowledge and recollection," and "[m]any of [the] new facts and information are found … after Plaintiff's counsel conferred in due diligence with Plaintiff who provided more information and clarifications."  (Pl. Reply 2-3).  In other words, Plaintiff's original recollection of the relevant facts was imprecise and Plaintiff's counsel failed to obtain from Plaintiff all the details necessary to properly plead his claims *before* filing the Complaint, or at least before the amendment deadline.

7

This explanation fails to identify external factors that amount to "good cause" under Rule 16(b)(4), and only reinforces the lack of diligence on the part of Plaintiff and his counsel. Accordingly, the Court denies Plaintiff leave to amend to add the proposed allegations in support of his own claim. *Accord Lowry* v. *Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (summary order) ("Lowry offers no good cause for his delay in filing an amended complaint. ... [H]e did not seek to amend his complaint until five months after the new evidence surfaced."); *Parker*, 204 F.3d at 341 (affirming the district court's denial of leave to amend).

### 2. Addition of Hui Ping Yan

Likewise, Plaintiff has failed to demonstrate good cause to add Yan. In support of his motion to amend, Plaintiff argues that Yan is similarly situated to Plaintiff in terms of the nature and conditions of Yan's work for HungryPanda (Pl. Br. 5), and that Yan seeks "to assert only claims already made in the original Complaint" (*id.* at 6). HungryPanda responds that it "would be unduly prejudiced if Plaintiff were afforded the opportunity to file the proposed FAC," and that the Court should consider whether amendment would "require [Defendants] to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." (Def. Opp. 10 (internal quotation marks omitted) (quoting *Ruotolo* v. *City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)).

As mentioned previously, Yan submitted an affidavit in support of Plaintiff's motion for conditional collective certification in July 2020 (Dkt. #31),

but Plaintiff did not move at that time for Yan to be added as a named plaintiff. Such a motion would have come approximately two months past the deadline in the Scheduling Order, but Plaintiff may have been able to demonstrate good cause if Yan had only recently been identified as a potential additional named plaintiff. Instead, Plaintiff waited for five months — until December 2020, and only after Defendants signaled their intention to move for judgment on the pleadings — to seek to add Yan, and now fails to provide any justification for the delay. *Accord Lowry*, 14 F. App'x at 30.

Furthermore, Plaintiff does not explain how adding Yan as a named plaintiff will aid the fair and efficient resolution of the presented claims. The Court is unpersuaded by Plaintiff's argument that denying leave in this instance will force Yan "to commence a second action in state court or to bring [an] administrative complaint" and thereby "risk an inconsistent result and waste judicial resources." (Pl. Reply 4). Plaintiff seeks to proceed on behalf of a collective of similarly situated HungryPanda workers, and by Plaintiff's own account Yan is a similarly situated worker. The Court cannot discern from Plaintiff's submissions any reason why Yan's interests would not be adequately represented in the present suit even if Yan were not a named plaintiff.

In sum, the Court finds that Plaintiff's five-month delay demonstrates that he did not act diligently in seeking to add Yan as a named Plaintiff and that he has not demonstrated good cause for the Court to overlook his tardiness. Consequently, Plaintiff's motion to join Yan as a named plaintiff is

denied. *Cf. Jin*, 310 F.3d at 101-02 (affirming the district court's denial of leave to file an amended complaint due to undue delay).

### 3. Addition of Molly Tang

Finally, the Court considers Plaintiff's proposal to add Molly Tang as a defendant. (*See* Pl. Br. 1). For an individual to be an employer under the FLSA, there must be more than just "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function.... Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry* v. *Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). The Second Circuit has established a four-factor test to determine whether someone qualifies as an employer: "whether the alleged employer [i] had the power to hire and fire the employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and method of payment, and [iv] maintained employment records." *Id.* at 105 (quoting *Carter* v. *Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

Plaintiff's proposed amended complaint alleges that:

> Tang has the authority to represent and bind Corporate Defendant as shown by, for instance, her signature on behalf of the Corporate Defendant on the stipulation for substitution in this matter, and ... [i] had the power to hire and fire employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and method of payment, and [iv] maintained employee records at Corporate Defendant, and delegated these powers to subordinates within Corporate Defendant, including the managers

10

> "Fatty," "Ethan," and "Aaron" with whom the Plaintiffs are familiar.

(Troy Decl., Ex. 1, ¶ 17). This allegation merely lists the *Carter* factors in conclusory terms. Plaintiff does not provide any explanation as to how Tang's signature on a stipulation of substitution of counsel demonstrates that she was Plaintiff's employer under the FLSA, nor does Plaintiff allege any specific facts in support of his claims regarding Tang's role and authority in the workplace.[2] Thus, these claims are not well-pleaded, *see Ashcroft* v. *Iqbal*, 556 U.S. 662, 681 (2009) ("bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements' of a [claim]" are "disentitle[d] … to the presumption of truth" (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007))), and granting leave to amend would be futile. As such, the Court determines that leave to amend to add Tang should not be granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his Complaint is DENIED. The parties are directed to confer and submit a letter to the Court on or before **May 25, 2021,** setting forth a proposed briefing schedule for Defendants' anticipated motion for judgment on the pleadings, or

---

[2] While at this early stage of the litigation the Court may consider only Plaintiff's well-pleaded allegations and therefore has not factored into its decision the Declaration of Molly Tang ("Tang Decl." (Dkt. #55-4)), the Court observes that the inadequacy of for Plaintiff's allegations regarding Tang's status as an "employer" within the meaning of the FLSA during the relevant time period is only confirmed by that declaration. Tang joined HungryPanda as Associate Legal Counsel on October 12, 2020, well after the period at issue in the Complaint, and subsequently was promoted to Legal Counsel, the position which she currently holds. (Tang Decl. ¶¶ 2-4). She executed the stipulation of substitution of counsel in her capacity as Associate Legal Counsel, does not possess any of the managerial authorities Plaintiff alleges, and evidently played no role in Defendants' alleged violations of the FLSA and NYLL. (*Id.* at ¶¶ 7-10).

11

alternatively outlining proposed next steps if Defendants no longer seek dispositive motion practice.

    SO ORDERED.

Dated:    May 4, 2021
             New York, New York

                                            KATHERINE POLK FAILLA
                                          United States District Judge