# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

June 18, 2021

<u>*Via* ECF</u>
Hon. Katherine Polk Failia, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



**Re: Response to Defendants' Letter dated June 17, 2021 in Connection with Plaintiffs' Refiling of Motion for Conditional Collective Certification**
<u>1:19-cv-11882-KPF</u> *Weng v. HungryPanda US, Inc. et al*

Your Honor,

This office represents Plaintiff in the above-referenced matter. We write respectfully to respond and request Your Honor to deny Defendants' request of denying Plaintiff's refiling of Motion for Conditional Collective Certification dated June 15, 2021. For courtesy, we do not object Defendants' request, to adjourn deadline to file their objection to Plaintiff's motion, given that period of time is reasonable and no prejudice sustains against the parties.

### Relevant Procedural History

Plaintiff incorporates by reference the facts as stated in the transcript of the the pre-motion conference held before Your Honor dated December 23, 2020.

On December 23, 2021, Your Honor denied Plaintiff's Motion for Conditional Collective Certification **without prejudice**, and directed the parties to move for leave to amend the Complaint. *See* Minute Entry dated December 23, 2020 (Dkt. No. 66-1). On May 04, 2021, Your Honor denied Plaintiff's motion for leave to amend complaint.

### Plaintiffs Bear No Intention to Contravene the Court's Directives

Plaintiffs have no intent to contravene or disobey the Court's directives by refiling of their Motion for Conditional Collective Certification on June 15, 2021, but merely to reinstate that motion, for which had been fully briefed since June of 2020. Further, given the Court's denial of Plaintiff's motion for leave to amend complaint along with the stay of discovery in this matter, Plaintiffs' proposed opening brief does not assert any newly legal argument or factual allegation, and thus cause no prejudice against Defendants because they are not being exposed to address any uncharted or unexpected allegations and claims. *See* Dkt. No. 63, 64, 65.

Given impending deadline of Defendants to file opening brief of Motion for Judgement on the Pleadings, for courtesy, Plaintiffs do not object a reasonable adjournment of deadline to file their opposing papers to Plaintiff's pending Motion for Conditional Collective Certification.

It is also our concern that a delay may cause prejudice against Plaintiffs and potential opt-in members. As Your Honor may recall, there were four additional people who have submitted affidavits in support of our conditional collective certification motion, but they are barred from joining in the proposed amended complaint in this action as the named plaintiffs. *See* Minute Entry dated December 23, 2020 (Dkt No. 66-1, at 11:1-6). Further prejudice may ensue against potential collective members, given lapse of their statute of limitations absent tolling limitation periods and lacking notice to their legal rights.

For the foregoing reasons, Plaintiffs respectfully request Your Honor to sustain Plaintiffs' Motion for Conditional Collective Certification.

We thank this court for its time and consideration in this matter.

Respectfully submitted,
TROY LAW, PLLC

/s/ John Troy
John Troy
*Attorney for Plaintiffs,*

cc: via ECF
all counsel of record

The Court is in receipt of Defendants' letter motion dated June 17, 2021 (Dkt. #66), requesting that the Court deny Plaintiff's pending motion for conditional collective certification (Dkt. #63), as well as Plaintiff's above reply to Defendants' letter (Dkt. #67). The Court deems it prudent to resolve Defendants' anticipated motion for judgment on the pleadings, which may be dispositive of the matter, before taking up the issue of collective certification. Accordingly, the Court again concludes that Plaintiff's motion is premature. The Court is mindful of the concerns Plaintiff raises regarding the running of the statute of limitations for potential opt-in members, but notes Plaintiff's ability to request, and the Court's authority to grant, equitable tolling of the limitations period as appropriate to account for delays in reaching the collective certification stage of the litigation.

With this understanding, Plaintiff's motion for conditional collective certification is DENIED without prejudice to its renewal following resolution of dispositive motion practice.

The Clerk of Court is directed to terminate the motions at docket entries 63 and 66.

Dated: June 21, 2021
       New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE