UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QIANG WENG, *on his own behalf and on
behalf of others similarly situated*,

                    Plaintiff,

          -v.-

HUNGRYPANDA US, INC., *d/b/a
HungryPanda*, JIAWEI SUN, and KELU LIU,

                    Defendants.

---

19 Civ. 11882 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Qiang Weng initiated this action on behalf of himself and others similarly situated, alleging violations of the minimum-wage, overtime, spread-of-hours, notice, wage-statement, and related provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 650-665, 195, 198.  Proceeding under Federal Rule of Civil Procedure 12(c), HungryPanda US, Inc. ("HungryPanda"), and HungryPanda's manager and president, Jiawei Sun and Kelu Liu (the "Individual Defendants," and together with HungryPanda, "Defendants"), now move for judgment on the pleadings.  For the reasons that follow, the Court grants Defendants' motion and dismisses the case with prejudice.

## BACKGROUND[1]

### A.    Factual Background

HungryPanda is a corporation organized under the laws of Delaware with a principal place of business in New York, New York.  (Compl. ¶ 10). HungryPanda engages in interstate commerce and has gross sales of more than $500,000 per year.  (*Id.* at ¶ 11).

The Individual Defendants, Jiawei Sun and Kelu Liu, are HungryPanda's manager and president, respectively.  (Compl. ¶¶ 13, 15).  Both Sun and Liu are alleged to have the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and maintain employee records at HungryPanda. (*Id.*).

Plaintiff delivered food on behalf of HungryPanda from May 9, 2019, through at least December 29, 2019, the date he filed the Complaint in this case.  (Compl. ¶ 9; *see also id.* at ¶ 45).  Plaintiff was dispatched by HungryPanda to make deliveries in Long Island City and Elmhurst, Queens, New York.  (*Id.* at ¶ 28).  He regularly worked five days a week, beginning each

---

[1]    The facts of this Opinion are drawn from the well-pleaded allegations of the Complaint. (Dkt. #1).  "[O]n a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's 'pleading,' including [i] the complaint *or* answer, [ii] documents attached to the pleading, [iii] documents incorporated by reference in or integral to the pleading, and [iv] matters of which the court may take judicial notice." *Lively* v. *WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) (emphasis in original); *see also* Fed. R. Civ. P. 7(a) ("pleadings" include, *inter alia*, the "complaint" and the "answer to [the] complaint").

For ease of reference, the Court refers to Defendants' opening brief as "Def. Br." (Dkt. #70); Plaintiff's opposition brief as "Pl. Opp." (Dkt. #72); and Defendants' reply brief as "Def. Reply" (Dkt. #73).

day at 11:00 a.m. and ending at 10:00 p.m., totaling 55 hours per week.  (*Id.* at ¶ 29).  Plaintiff took full 30-minute lunch breaks three days per week, but only 10-minute lunch breaks the remaining two days per week.  (*Id.* at ¶ 30).

According to Plaintiff, throughout his time making deliveries for HungryPanda, Defendants failed to pay Plaintiff minimum wage, overtime, or spread-of-hours pay; misappropriated his tips; and did not reimburse him for the cost of gasoline or maintaining his delivery vehicle.  (Compl. ¶¶ 32, 38, 40, 43-44, 47).  Despite working 55 hours per week, Plaintiff was paid for only 50 of those hours at a straight rate of $12 per hour and $3 per delivery.  (*Id.* at ¶¶ 34, 36).  Plaintiff was also not paid a premium for shifts that lasted longer than 10 hours.  (*Id.* at ¶ 44).  Moreover, although customers left tips for Plaintiff, Plaintiff never received any of the tips.  (*Id.* at ¶ 41).  Finally, Plaintiff was not reimbursed for the gasoline he used, or the other expenses he incurred, operating a delivery vehicle for Defendants' benefit.  (*Id.* at ¶ 47).

Defendants also failed to provide Plaintiff with certain information related to his pay.  (Compl. ¶¶ 22-24, 26, 39, 42).  In particular, Defendants did not post required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.  (*Id.* at ¶ 26).  Relatedly, Plaintiff was never informed of his hourly pay rate or Defendants' use of tip credits (*id.* at ¶¶ 23, 39), and did not receive a statement of his weekly payment reflecting his name; his employer's name, address, and telephone number; his rate or rates of pay; any deductions made from his wages; any allowances

3

claimed as part of the minimum wage; or his gross and net wages for each pay day in his native language of Chinese (*id.* at ¶ 42).

## B.    Procedural Background

Plaintiff filed the Complaint in this case on December 29, 2019.  (Dkt. #1).  On February 5, 2020, Defendants file their Answer to the Complaint. (Dkt. #10).  The Court issued a Civil Case Management Plan and Scheduling Order on April 22, 2020, and the parties proceeded to discovery.  (Dkt. #18).

On June 19, 2020, Plaintiff moved for conditional certification of a collective under the FLSA.  (Dkt. #22-24).  Defendants filed a brief in opposition to Plaintiff's motion on July 9, 2020 (Dkt. #26-27), and Plaintiff filed a reply brief in further support of his motion on July 31, 2020 (Dkt. #30-37).

Following the completion of briefing on Plaintiff's motion for conditional certification, Defendants filed a pre-motion letter requesting a conference to discuss their contemplated motion for judgment on the pleadings under Rule 12(c).  (Dkt. #45).  In a responsive letter filed the same day, Plaintiff opposed Defendants' contemplated motion and requested leave to amend the Complaint prior to any briefing on Defendants' motion.  (Dkt. #46).  At a conference held on December 23, 2020, the Court denied without prejudice Plaintiff's motion for conditional certification and set a briefing schedule for Plaintiff's motion for leave to amend the Complaint.  (*See* Minute Entry for December 23, 2020). Thereafter, Plaintiff filed his motion (Dkt. #51-53), and both parties submitted briefing in support of their respective positions (Dkt. #54-56).

By Opinion and Order dated May 4, 2021, the Court denied Plaintiff's motion for leave to amend the Complaint.  (Dkt. #59).  Plaintiff's motion proposed to make three additions to the Complaint, including: (i) new factual allegations regarding his working conditions; (ii) a second named plaintiff; and (iii) an additional defendant.  (*Id.* at 6).  The Court rejected each request.  *First*, the Court found that Plaintiff failed to demonstrate "good cause" supporting his request to add factual allegations because the allegations he sought to add were either known or could have been known to him and his counsel prior to the deadline for amending his pleading.  (*Id.* at 6-8).  *Second*, the Court found Plaintiff's request to add a second named plaintiff to be both untimely under the parties' Case Management Plan and Scheduling Order and unnecessary in light of Plaintiff's plan to proceed on behalf of a collective of similarly situated HungryPanda workers.  (*Id.* at 8-10).  *Third* and finally, the Court rejected Plaintiff's proposal to add an additional named defendant after finding that his claims against the putative defendant would be futile.  (*Id.* at 10-11).  The Court concluded by ordering the parties to submit a proposed briefing schedule for Defendants' anticipated motion for judgment on the pleadings.  (*Id.* at 11).

On May 26, 2021, the Court adopted the parties' proposed briefing schedule for Defendants' motion.  (Dkt. #62).  Defendants filed their motion and supporting papers on June 24, 2021 (Dkt. #69-71); Plaintiff filed his opposition brief on July 26, 2021 (Dkt. #72); and Defendants filed a reply brief on August 16, 2021 (Dkt. #73).  Accordingly, the motion is ripe for decision.

## DISCUSSION

### A.    Applicable Law

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch* v. *City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (internal alterations omitted).  "To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively* v. *WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal alterations omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  The court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Hayden* v. *Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  That said, the court "need not accept threadbare recitals of a cause of action's elements that are supported by mere conclusory statements," *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 164 (2d Cir. 2021) (internal quotation marks omitted), nor "a legal conclusion couched as a factual allegation," *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).

### B.     Analysis

Plaintiff alleges nine claims under the FLSA and the NYLL.  He brings claims under both statutes for (i) unpaid wages (Compl. ¶¶ 58-66); (ii) unpaid overtime compensation (*id.* at ¶¶ 67-79); and (iii) illegal retention of tips (*id.* at ¶¶ 83-91).[2]  In addition, Plaintiff alleges several claims solely under the NYLL, including for (i) spread-of-hours pay (*id.* at ¶¶ 80-82); (ii) failure to provide time of hire wage notice (*id.* at ¶¶ 102-106); (iii) failure to provide wage statements (*id.* at ¶¶ 107-110); and (iv) failure to pay delivery experts working on the road (*id.* at ¶¶ 111-114).[3]

Defendants move for judgment on the pleadings with respect to each of Plaintiff's claims.  Defendants' primary argument is that Plaintiff has failed to make a plausible threshold showing that Defendants are his "employers" within the meaning of the FLSA or the NYLL.  (Def. Br. 6-11).  Defendants further contend that Plaintiff's claim for "failure to pay delivery experts working on the road" must be dismissed because it is unintelligible, implausible, and not

---

[2]     Although the issue is not raised in Defendants' briefing, the Court notes that the FLSA does not provide a private right of action for unlawful retention of tips.  *See Azeez* v. *Ramaiah*, No. 14 Civ. 5623 (PAE), 2015 WL 1637871, at *6-7 (S.D.N.Y. Apr. 9, 2015). The NYLL, by contrast, does establish such a cause of action.  *See id.* at *7 (citing N.Y. Lab. Law § 198).  For the reasons explained later in this Opinion, this observation has little practical effect because Plaintiff's claims alleging unlawful retention of tips must be dismissed for the independent reason that Plaintiff has failed to make a plausible threshold showing that Defendants are his "employers" under the FLSA or the NYLL.

[3]     Plaintiff originally alleged two additional claims for (i) failure to provide meal periods and (ii) failure to keep records.  (Compl. ¶¶ 92-101).  After Defendants moved to dismiss each claim on the basis that neither was supported by a cognizable private right of action (Def. Br. 11), Plaintiff conceded that "[t]hese two counts are not causes of action in and of themselves" and stated that "Plaintiff does not object to dismissal of these counts" (Pl. Opp. 9).  Accordingly, Plaintiff has abandoned both claims.  *See Cody* v. *Charter Commc'ns, LLC*, No. 17 Civ. 7118 (KMK), 2020 WL 3639935, at *6 (S.D.N.Y. July 6, 2020); *see also New York State Ct. Clerks Ass'n* v. *Unified Ct. Sys. of the State of New York*, 25 F. Supp. 3d 459, 469 (S.D.N.Y. 2014).

supported by a private cause of action. (*Id.* at 12). Plaintiff counters that (i) Defendants admitted to certain allegations in their Answer that demonstrate that they are in fact employers under both the FLSA and the NYLL (Pl. Opp. 6); and (ii) in any event, Plaintiff's allegations plausibly establish that Defendants exercised sufficient control over Plaintiff to qualify as employers under both statutes (*id.* at 6-9).

For the reasons explained below, the Court finds that Plaintiff has not plausibly alleged an employer-employee relationship with Defendants under the FLSA or the NYLL and therefore grants Defendants' motion for judgment on the pleadings. The Court further finds that Plaintiff has not shown good cause to justify amendment of the Complaint at this stage of the case and thus denies Plaintiff leave to amend and dismisses the case with prejudice.

### 1.    Plaintiff Has Not Alleged an Employer-Employee Relationship

To state a claim under the FLSA or the NYLL, a plaintiff must establish that the defendant is an employer. *See Roelcke* v. *Zip Aviation, LLC*, — F. Supp. 3d —, No. 15 Civ. 6284 (JGK), 2021 WL 5491395, at *5 (S.D.N.Y. Nov. 23, 2021). A plaintiff who cannot make this threshold showing cannot maintain a claim under either statute. *See In re Michael Stapleton Assocs. Ltd.*, No. 17 Civ. 5468 (AJN), 2018 WL 3962931, at *2 (S.D.N.Y. Aug. 17, 2018) (citing *Herman* v. *RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)); *see also Victoriano Gonzalez* v. *Victoria G's Pizzeria LLC*, No. 19 Civ. 6996 (DLI) (RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021) (collecting cases).

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and the NYLL defines the term as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service," N.Y. Lab. Law § 190(3).  Given the substantial breadth of these statutory definitions, courts in the Second Circuit treat "employment" as a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" and consider "different sets of relevant factors based on the factual challenges posed by particular cases." *Barfield* v. *N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008); *see also Cho* v. *Osaka Zen Spa*, No. 19 Civ. 7935 (ER), 2021 WL 1736813, at *3 (S.D.N.Y. May 3, 2021) (observing that courts use "the same tests to determine whether an individual constitutes an employer under the FLSA and the NYLL").

"In analyzing the question of whether a defendant is an employer, 'the overarching concern is whether the alleged employer possessed the power to control the workers in question.'"  *Stewart* v. *Hudson Hall LLC*, No. 20 Civ. 885 (PGG) (SLC), 2020 WL 8732875, at *4 (S.D.N.Y. Oct. 19, 2020) (quoting *Herman*, 172 F.3d at 139), *report and recommendation adopted*, No. 20 Civ. 885 (PGG) (SLC), 2021 WL 735244 (S.D.N.Y. Feb. 24, 2021).  Several factors, known as the *Carter* factors, guide the court's analysis into whether a defendant exercised formal control, including: "whether the alleged employer [i] had the power to hire and fire the employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and

9

method of payment, and [iv] maintained employment records." *Carter* v.

*Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).  In addition to the *Carter*

factors, courts also look to six indicia of functional control, including:

> [i] whether [a defendant's] premises and equipment were used for the plaintiffs' work; [ii] whether [defendant] had a business that could or did shift as a unit from one putative joint employer to another; [iii] the extent to which plaintiffs performed a discrete line-job that was integral to [a defendant's] process of production; [iv] whether responsibility under the contracts could pass from one subcontractor to another without material changes; [v] the degree to which [a defendant's] agents supervised plaintiffs' work; and [vi] whether plaintiffs worked exclusively or predominantly for the [defendant].

*Stewart*, 2021 WL 735244, at *6 (citing *Zheng* v. *Liberty Apparel Co. Inc.*, 355

F.3d 61, 72 (2d Cir. 2003)).  Although each of the factors just stated bears on

the court's inquiry, none of the factors is dispositive, and the court must make

its determination "on a case-by-case basis by review of the totality of the

circumstances." *Irizarry* v. *Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013).

Here, Plaintiff has not plausibly alleged that Defendants are employers

within the meaning of the FLSA or the NYLL.  As to HungryPanda, the

Complaint alleges that HungryPanda is a foreign business corporation, has

gross sales in excess of $500,000, and purchases and handles goods moved in

interstate commerce.  (*See* Compl. ¶¶ 10-12).  None of these allegations

provides insight into whether or the degree to which HungryPanda exercised

control over Plaintiff.  The Complaint further alleges that Plaintiff "is employed

by Defendants ... to work as a [d]eliveryman at HungryPanda" (*id.* at ¶ 9; *see*

10

*also id.* at ¶ 27), but "[s]uch an allegation, by itself, is too conclusory to support an inference that" HungryPanda exercised formal or functional control over Plaintiff. *See Shi Ming Chen* v. *Hunan Manor Enter., Inc.,* No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *8 (S.D.N.Y. Feb. 15, 2018). And the Complaint goes on to allege that Plaintiff "was dispatched" by HungryPanda to make deliveries in Long Island City and Elmhurst (*id.* at ¶ 28); worked an average of 55 hours per week (*id.* at ¶ 29); and received a flat rate of $600 per week plus $3 per delivery (*id.* at ¶ 34). As above, these allegations fail to demonstrate that HungryPanda exercised control over Plaintiff. Plaintiff does not explain whether HungryPanda determined the deliveries he was to make or the area in which he could make deliveries, controlled his work schedule, supervised him, or restricted him from making deliveries on behalf of other companies. The Court is simply left to surmise whether HungryPanda exercised these powers.

Beyond these specific deficiencies, the Complaint "contains so little detail as to effectively disable the Court from" analyzing Plaintiff's relationship with HungryPanda. *Hudson Hall LLC*, 2020 WL 8732875, at *6 (quoting *Hsieh Liang Yeh* v. *Han Dynasty, Inc.*, No. 18 Civ. 6018 (PAE), 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019)). The Complaint does not allege the nature of HungryPanda's business, who hired Plaintiff, who had the power to fire Plaintiff, who supervised Plaintiff, how Plaintiff received delivery assignments, whether Plaintiff was paid directly by HungryPanda or someone else, whether Plaintiff worked solely for HungryPanda, or any other facts bearing on Plaintiff's relationship with HungryPanda. While "[e]mployer status does not require

11

continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control," *Irizarry*, 722 F.3d at 110, Plaintiff has entirely failed to allege that HungryPanda exercised control, whether formal or functional, over him or his work.  The Court therefore concludes that Plaintiff has not plausibly alleged that HungryPanda is his employer under the FLSA or the NYLL.  *See Bao Guo Zhang* v. *Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840 (VSB), 2021 WL 634717, at *7 (S.D.N.Y. Feb. 16, 2021) (dismissing claims under the FLSA and the NYLL against a corporate defendant for similar reasons).

Plaintiff's allegations against the Individual Defendants are similarly lacking.  The Complaint alleges only that each Individual Defendant (i) occupied a managerial or executive role at HungryPanda and (ii) "had the power to hire and fire employees," "supervised and controlled employee work schedules or conditions of employment," "determined the rate and method of payment," and "maintained employee records at" HungryPanda.  (Compl. ¶¶ 13, 15).  Once again, these allegations fail to demonstrate that either Defendant exercised control over Plaintiff.  To begin, the fact that the Individual Defendants occupied elevated positions, standing alone, does little to advance Plaintiff's claims.  The Second Circuit has clearly held that "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."  *Irizarry*, 722 F.3d at 109.  Rather, to be an employer, a defendant "must possess control over a company's actual

'operations' in a manner that relates to a plaintiff's employment." *Id.*  Thus, as a general matter, "corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, including determining the employee's day-to-day work schedules or tasks, signing the employee's paycheck or directly hiring the employees."  *Vasto* v. *Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 WL 4147241, at *6 (S.D.N.Y. Aug. 3, 2016); *see also Bao Guo Zhang*, 2021 WL 634717, at *8 (finding that plaintiff's assertion that defendant "was a shareholder and owner of" a restaurant, "by itself, does not establish employer status").  Here, Plaintiff does not allege that the Individual Defendants exercised any control over his working conditions, such as by hiring or supervising him, or had any contact with him whatsoever.

Further, Plaintiff's allegations related to the Individual Defendants' ability to hire employees and exercise other managerial powers are also unavailing because these allegations merely restate the *Carter* factors.  *See Carter*, 735 F.2d at 12.  As numerous courts in this Circuit have held on similar records, such "boilerplate allegations" are "insufficient to survive a motion to dismiss." *Chui-Fan Kwan* v. *Sahara Dreams Co. II Inc.*, No. 17 Civ. 4058 (RA), 2018 WL 6655607, at *4 (S.D.N.Y. Dec. 19, 2018) (quoting *Bravo* v. *Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (collecting cites)); *see also Osaka Zen Spa*, 2021 WL 1736813, at *4 (deeming "conclusory allegations" that "track nearly verbatim with the factors set forth in *Carter*'s formal economic reality test" to be insufficient to survive a

motion to dismiss); *Fallon* v. *18 Greenwich Ave., LLC*, No. 19 Civ. 9579 (MKV), 2021 WL 1105066, at *4 (S.D.N.Y. Mar. 23, 2021) (observing that "[i]t is well established that 'boilerplate allegations that simply recite the elements of the economic reality test are insufficient to state a claim'" (quoting *Keawsri* v. *Ramen-Ya Inc.*, No. 17 Civ. 2406 (VEC), 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018)); *Huer Huang* v. *Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (finding that plaintiff's "allegations mirror, and do not add factual content to, the *Carter* factors" and thus "cannot make out a claim for relief, as numerous courts in this District have held on similar facts").

Plaintiff argues two points in opposition to the argument that he has failed to allege that Defendants are "employers." *First*, Plaintiff points to Defendants' admission in their Answer that the Individual Defendants "had the power to hire and fire employees," "supervised and controlled employee work schedules or conditions of employment," "determined the rate and method of payment," and "maintained employee records at" HungryPanda. (Answer ¶¶ 13, 15; *see also* Compl. ¶¶ 13, 15). But Defendants' admission does not cure the Complaint's substantial deficiencies. Put simply, Defendants' general admission that the Individual Defendants exercised some control over employees at HungryPanda does not establish that either individual "possessed the power to control the worker[] in question." *Hudson Hall LLC*, 2020 WL 8732875, at *4. The Complaint does not allege, and Defendants have not admitted, that the Individual Defendants interacted with Plaintiff, hired Plaintiff, had the power to fire Plaintiff, or exercised any control over Plaintiff in

14

particular as opposed to HungryPanda employees in general.  Accordingly, Defendants' admissions do not provide the critical allegations that are missing from the Complaint and thus cannot save Plaintiff's claims.

*Second*, Plaintiff argues that the Complaint offers more than the threadbare recitals that courts in this Circuit have consistently found insufficient to state a claim.  In particular, Plaintiff points to his allegations related to his work schedule, lunch breaks, and rate and method of payment. (Pl. Opp. 6-7 (citing Compl. ¶¶ 29, 30, 32-36, 39, 40-41)).  As before, the fundamental issue is that none of the allegations to which Plaintiff points provides any insight into the ability of either or both of the Individual Defendants to exercise control over Plaintiff's work environment.  For example, Plaintiff alleges that his "regular work schedule ran from 11:00 to 22:00 for eleven (11) hours, with two (2) days off for a total of fifty-five (55) hours each week." (Compl. ¶ 29).  Plaintiff does not, however, allege who was responsible for determining his schedule — whether it was Sun, Liu, Plaintiff, or someone else entirely.  Similarly, Plaintiff's allegations related to his lunch breaks and to his rate and method of payment are entirely silent as to the Individual Defendants' role, if any, in setting those conditions.  (*See id.* at ¶¶ 30-47).  In the absence of this critical information, the Court cannot determine whether or to what extent the Individual Defendants exercised control over Plaintiff's working conditions.

Accordingly, Plaintiff has failed to plausibly allege that Defendants were his "employers."  Because a defendant must be an "employer" to be held liable

under either the FLSA or NYLL, Plaintiff's failure to make this threshold showing compels the dismissal of his claims under both statutes.[4]

### 2.      The Court Denies Leave to Amend

The Court concludes by addressing Plaintiff's request for leave to amend the Complaint.  (Pl. Opp. 10-11).  As explained in the Court's previous Opinion denying Plaintiff leave to amend (Dkt. #59), when a plaintiff seeks leave to amend pleadings after the period set forth in a scheduling order has expired, the plaintiff must meet the "good cause" standard of Rule 16(b)(4) rather than the more lenient standard of Rule 15(a).  *See Grochowski* v. *Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Geo-Grp. Commc'ns, Inc.* v. *Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *15-17 (S.D.N.Y. Sept. 25, 2020) (denying motion to amend complaint due to lack of "good cause" for leave to amend pursuant to Rule 16), *reconsideration denied*, 2020 WL 6729181 (S.D.N.Y. Nov. 16, 2020).

"Whether good cause exists turns on the 'diligence of the moving party.'" *Holmes* v. *Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Grochowski*, 318 F.3d at 86).  "Good cause is demonstrated by a showing that despite its

---

[4]      The Court's resolution of this threshold issue also disposes of Defendants' two remaining arguments.  *First*, Defendants argue that Plaintiff's claim for "failure to pay delivery experts working on the road" must be dismissed because it is unintelligible.  (Def. Br. 12).  Plaintiff explains in his opposition brief that he brings this claim under both the FLSA and the NYLL.  (Pl. Opp. 9-10).  Accordingly, for the reasons stated above, this claim must also be dismissed.  *Second*, although not the focus of their opening brief, Defendants suggest that Plaintiff is an independent contractor rather than an "employee" under the FLSA and the NYLL.  (Def. Br. 1-3; *see also* Pl. Opp. 8-9 (disputing Defendants' categorization)).  Given the Court's finding that Plaintiff has not made a threshold showing that Defendants are his employers, it need not reach the separate issue of whether Plaintiff is an employee under the FLSA or the NYLL.

having exercised diligence, the applicable deadline could not have been reasonably met by the [moving party]." *Soroof Trading Dev. Co., Ltd.* v. *GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citation and quotation marks omitted). "Thus, if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied." *Id.*; *see also Parker*, 204 F.3d at 341 (affirming the district court's denial of leave to amend where the plaintiff "had all the information necessary" to support the claim at the time the action was commenced, and where "nothing he learned in discovery or otherwise altered that fact"). A court "also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants]." *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In certain circumstances, however, a court "may deny leave to amend for lack of diligence even if amendment would not prejudice the nonmovant." *Suarez* v. *Cal. Nat. Living, Inc.*, No. 17 Civ. 9847 (VB), 2019 WL 5188952, at *2 (S.D.N.Y. Oct. 15, 2019) (citing *Gullo* v. *City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order)).

Here, Plaintiff represents that he has "made efforts by obtaining more supporting information to prove his employment status." (Pl. Opp. 11). The Court does not question Plaintiff's efforts in this regard, but notes that Plaintiff fails to explain why the Court should depart from its earlier decision. As the Court noted in its prior Opinion, the factual allegations Plaintiff sought to add to his pleading consisted of facts that either were in his possession before he

17

filed the Complaint in this matter or that could have been added prior to the deadline for amending his pleading under Rule 15 or the Court's Case Management Plan and Scheduling Order. (Dkt. #59 at 6-8). Plaintiff now states that he has obtained "more supporting information," but does not explain when he obtained this information or whether he could have uncovered the evidence prior to the deadline for amending the Complaint. (Pl. Opp. 11).

The Court adheres to its prior decision. It has been more than two years since Plaintiff initiated this action (Dkt. #1) and nearly two years since Defendants filed their Answer (Dkt. #10) and the deadline for amended pleadings provided for in the Case Management Plan and Scheduling Order came and went (Dkt. #18 at 1). Under these circumstances, the Court again finds that Plaintiff has not shown good cause to modify the deadline for the filing of amended pleadings in this case. (Dkt. #59 at 6-8). *See Morelli* v. *Alters*, No. 19 Civ. 10707 (GHW), 2020 WL 6508858, at *2 (S.D.N.Y. Nov. 5, 2020) (denying leave to amend where plaintiff "failed to meet the deadlines in the Court's case management plan and he has not shown that he acted with diligence"). Accordingly, the Court denies Plaintiff leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for judgment on the pleadings under Rule 12(c) in its entirety.  Additionally, the Court DENIES Plaintiff's request for leave to amend.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      January 31, 2022
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

19